IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SOUTHEAST SUPPLY HEADER, LLC                                        PLAINTIFF

v.                                             CIVIL ACTION #2:07-CV-291 KS-MTP

110 ACRES in COVINGTON COUNTY, et al.                          DEFENDANTS

## Memorandum Opinion and Order

This cause is before the Court on the motion *in limine* [# 19] filed by Southeast Supply

Header, LLC ("SESH").  Because the Defendants have failed to establish a unity of title and

integrated use, evidence related to damages suffered by Donald Karolyi for his 10 acre tract

adjacent to the condemned property should be excluded, and the motion *in limine* should be

**granted**.


## Factual Background

This cause involves the condemnation of an easement across a tract of rural timberland in

Covington County, Mississippi.  The Plaintiff in this case seeks to condemn its easement across a

170 acre tract of land owned by William Karolyi, Barbara Karolyi, and their son Donald Kayroli.

Mr. and Mrs. Karolyi own equal ½ life estates in the property, while their son, Donald Karolyi,

owns the future interest as a vested remainder in the whole.  Although the vast majority of the

170 acre tract is timberland, Mr. and Mrs. Karolyi live in a home on a small portion that was

cleared for residential use.

In addition to his future interest, Donald Karolyi owns a 10 acre tract adjacent to the

subject property in fee simple.  The previous owner cleared and landscaped a portion of the property for construction of a residence.  Donald Karolyi splits his time between this residence and the neighboring residence of his parents, both of whom are in ill health.  He also maintains both the 170 acre tract and residence for his parents in addition to his 10 acre tract and residence.

SESH has been granted an easement across the 170 acre tract for construction of a natural gas pipeline through the state.  Prior to obtaining approval from the Federal Energy Regulatory Commission, SESH surveyed the route across the 170 acre tract and prepared an appraisal and settlement offer for the Karolyis.  The Karolyis disputed the value assessed by SESH, and argue that SESH improperly calculated the damages to the remainder.  The Karolyis argue that SESH must not only consider damages to the 170 acre tract, but also the 10 acre tract owned by Donald Karolyi in fee simple as well.[1]  SESH has moved *in limine* for the exclusion of any evidence as to potential severance damages suffered by Donald Karolyi based on his contiguous 10 acre tract.

## STANDARD OF REVIEW

Mississippi law permits that when a portion of a tract of land is taken through eminent domain, the tract's owner can recover for any damages to the remainder of his parcel.  *Miss. State Highway Comm'n v. Dodson*, 42 So. 2d 179, 181 (Miss. 1949).  These "severance damages" are awarded for the dimunition in value of the remainder that results from the taking.  Although a landowner is not entitled to severance damages for separate parcels not impacted by the taking, a

---

[1]The Karolyis argue that the current route was intentionally chosen to miss the William Karolyi house but put the pipeline into close proximity of the Donald Karolyi house. *See* Def.'s Br. at 5-6 (Jan. 3, 2008).  Although the Defendants currently seek to expand the scope and appraisal of the 170 acres to include the 10 acre plot, they have not sought an inverse condemnation based on the proximity of the pipeline to the 10 acre tract. *See Jackson Mun. Airport Auth. v. Wright,* 232 So. 2d 709 (Miss. 1970).

landowner can recover if it is shown that the parcels are more appropriately considered a single, unified tract. *See United States v. Miller*, 317 U.S. 369 (1942).  The Fifth Circuit has identified three factors critical in determining when property taken is part of a single, larger tract: "physical contiguity, unity of ownership, and unity of use." *United States v. 8.41 Acres of Land Situated in Orange County, State of Texas,* 680 F.2d 388, 393 (5th Cir. 1982).  Of these factors, the appeals court has recognized that "integrated use is the key test for unity of a tract." *8.41 Acres of Land*, 680 F.2d at 391.  Because the physical contiguity of the parcels in this case is easily satisfied, the Court will only consider whether the Karolyis have satisfied the unity of title and integrated usage necessary to consider the tracts unified for severance damages.

### 1.  Unity of Title

Despite the consanguinity between the owners of the separate tracts, the Karolyis cannot demonstrate a unity of ownership between the tracts.  Although the traditional view required identical entities and titles before separate tracts could be considered a single unit, the developing view is more expansive.  At least one federal appeals court has found sufficient unity of title even though ownership was split between an individual and his separate corporate entities. *See United States v. 429.59 Acres of Land*, 612 F.2d 459, 464 (9th Cir. 1980).  In explaining the more relaxed view, a district court in the Fifth Circuit noted that "the buyer in the marketplace could readily acquire both parcels from the same operative vendors, exercising the same business judgment in the transaction." *United States v. 14.36 Acres of Land in McMullen County, Texas,* 252 F. Supp. 2d 361, 363-64 (S.D. Tex. 2002).

In their briefing, counsel for the Defendant argues that "if the same individual or group of

individuals control the title and future use of all the tracts, the unity of title is considered to be present." Def.'s Br. at 7 (Jan. 3, 2008).  Although a similar principal was applied when a single individual owns one parcel individually and another as sole shareholder of a corporation, no such holding has extended to allow "a group of individuals" the same claim for unity of title.[2]  As shown below, a group of individuals is significantly different than a single decisionmaker operating through a variety of corporate forms.

Although the unity of title principal is no longer absolute, its application here does not permit the Karolyis to consider the two contiguous tracts a single parcel for severance valuation. A buyer attempting to acquire both the 170 acre tract and the 10 acre tract would have to make separate arrangements with parties that have potential conflicts of interest.  Although Donald Karoyli owns the remainder for the 170 acre tract, any prospective buyer would need to make arrangements with William and Barbara Karolyi for consideration of their life estate on the property.  Despite the present harmony of the Karoyli family, either Donald Karoyli or his parents could prevent a transaction to acquire a present possessory interest in the whole 180 tract.

The latent conflict of interest is precisely what the unity of title concept is established to avoid.  As the district court described in *14.36 Acres*, an individual in personal control of one tract and actual control of another tract acting as sole owner of a corporation would never negotiate against or attempt to undermine himself in a transaction.  The relevant "economic

---

[2]In *United States v. 429.59 Acres of Land*, 612 F.2d 459, 464 (9th Cir. 1980), the Ninth Circuit found the unity of title was satisfied even though the parcels were owned by different entities.  The court found that "[t]he property taken by the Government had been acquired by a series of transactions organized by Dr. Theodore G. Lambron. Lambron was President, Chairman of the Board, and Chief Executive Officer of the three corporations formed for the purpose of acquiring the land."  Even though these were distinct entities, the appeals court upheld the district court's finding that it was "reasonably probable that the properties would be used in combination." *Id.* at 463.

realities of the marketplace simply do not produce those kinds of results." *14.36 Acres*, 252 F.

Supp. 2d at 364.  Yet precisely this disunity of interest could result when the wishes of different

individuals, and not a single individual wearing multiple hats, must be spanned to achieve unity

of title.[3]  Because these entities could have plainly different interests compared to an individual

that also maintains the alter ego of the corporate form, there exists no justification for

overlooking the lack of a unified title in awarding severance damages.


## 2.  Unity of Use

Despite the importance of unified title, the Fifth Circuit has recognized that "integrated

use is the key test for unity of a tract." *8.41 Acres of Land*, 680 F.2d at 391.  Tracts enjoy this

unity of use when one tract is "reasonably or substantially necessary to the enjoyment of the

other." *Sharpe v. United States*, 112 F. 893, 896 (3rd Cir. 1902).  Previous cases in the Fifth

Circuit have found a unity of use when the constituent parts formed a contiguous tract being used

as a larger pasture or a brick factory. *See 8.41 Acres of Land*, 680 F.2d at 393; *Stephenson Brick

Co. v. United States*, 110 F.2d 360, 361 (5th Cir. 1940).  Although the parcels owned by the

Karolyis are simultaneously put to the same residential and prospective timber use at present,

they do not share an integrated use that compels the Court to consider them a single parcel for

severance valuation.

The current use of the 10 acre tract has no relationship to the 170 acre tract that could be

---

[3]This latent disunity of interests extends to third-parties as well.  Judgment creditors attempting to collect
against family members would have rights specific to each party's interest in the respective tracts.  And if the
Kayrolis were to apply for state Medicaid assistance, their interests in the property would impact the financial
determinations made by the state Medicaid Commission.

recognized as an integrated use sufficient for these purposes.  Unlike the "disorganized land and buildings" that remained after severance in the *Stephenson Brick* case, Donald Karolyi's home would remain unaffected by this Court recognizing a separateness between the two tracts. Although Donald Karolyi chooses to alternate between the two homes to care for his elderly parents, the distinct use of each property remains unaffected.  His 10 acre tract, already separate in title, could be sold to a third-party without any cognizable hindrance to the activities and use of his parents on the remaining 170 acre tract.

Although the Defendants argue that the current tracts operate in a "unified use" sufficient for eminent domain purposes, they appear to misapprehend that term as applied in caselaw. Unlike contiguous tracts that operate in combination for a greater economic goal, separate and distinct homesites like those present here operate independently for the exclusive benefit of the homeowners.  One homesite does not depend upon the existence or output of another homesite in order for it to achieve its maximum value in that use.  In short, the 10 acre tract is in "no way reasonably or substantially necessary to the enjoyment of the other" 170 acre tract necessary to find a unity of use. *Sharpe v. United States*, 112 F. 893, 896 (3rd Cir. 1902).

### CONCLUSION

The Karolyi family lives together harmoniously on 180 acres of timberland in rural Covington County, Mississippi.  As evidenced by their brief, Donald Karolyi manages the entire parcel for the benefit of the family and they recognize no boundaries on or within their property. Although both parents and son benefit from the uninterrupted use of the whole, the division of ownership between the Karolyi parents and their son has legal consequences in an eminent

domain proceeding.  The potentially conflicting interests between the parents use of their life estates and the son's vested remainder make it impossible for this Court to recognize a unity of title consistent with available caselaw.  More importantly, the residential use of each parcel fails to demonstrate an integrated use necessary to consider potential damages to the 10 acre tract in addition to the 170 acre tract crossed by the pipeline.  Appraisals by both sides shall only consider damages and dimunition in value for the 170 acre tract.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion *in limine* [# 19] to exclude evidence of damages suffered by Donald Karolyi on his 10 acre tract is **granted**.

SO ORDERED AND ADJUDGED on this, the 10th day of January, 2008.

*s/Keith Starrett*
        United States District Judge

7